## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ROBERT W. BROWN,

               Plaintiff,          :        Case No. 3:08-cv-057

                                             District Judge Walter Herbert Rice

     -vs-                              Chief Magistrate Judge Michael R. Merz

                              :

CITY OF DAYTON, OHIO, et al.,

               Defendants.

---

### REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

---

      In this action for sexual harassment, retaliation, and age discrimination, Plaintiff Robert W. Brown sues his former employer, the City of Dayton, Ohio, and twenty-one of its employees. This action is before the Court for review prior to issuance of process.   Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim upon which relief can
>            be granted; or
>         (iii) seeks monetary relief against a defendant who is
>         immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact.

1

*Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).   In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349.  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). §1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status.  *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999).

In order to recover for a discriminatory act under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., a plaintiff must file a timely charge with the EEOC.  *Cox v. City of Memphis*, 230 F.3d 199 (6th Cir., 2000), citing *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 46 (6th Cir. 1994).  Under §2000e-5(e)(1), the charge must be filed within 180 days after the alleged unlawful employment practice occurred.  Filing with the equivalent state agency extends the time to 300 days. Id. at n. 2.  The same requirement for filing with the EEOC is true in age discrimination cases as well.  *Oscar Meyer & Co. v. Evans,* 441 U.S. 750, 753-55, 99 S. Ct. 2066, 60 L. Ed. 2d 609 (1979).  The time for filing is triggered at the time the alleged discriminatory act occurred.  *Cox v.*

*City of Memphis, supra*, citing *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991).

As an attachment to his Complaint, Plaintiff has filed the final determination of the EEOC that his filing with them was untimely. In the absence of a timely charge with the EEOC, Plaintiff cannot recover under Title VII or ADEA. Therefore, all claims herein brought under Title VII and the ADEA should be dismissed with prejudice as barred by Plaintiff's failure to timely file with the EEOC.

The Clerk shall not issue process herein until the District Judge rules on this Report or until further order of the Court.

February 26, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).